THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HICA EDUCATION LOAN CORPORATION | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 5:10-CV-459 |
| JAMES D. WADDELL | : : | |
| Defendant. | : : | |

## ORDER FOR DEFAULT JUDGMENT

On November 30, 2010, Plaintiff HICA Education Loan Corporation filed a Complaint against Defendant James Waddell seeking to recover principal and interest owed by Waddell on three student loan debts. Waddell was personally served with process but failed to answer or respond. Thus, at Plaintiff's request, the Clerk of Court entered a default against Waddell. Plaintiff has now filed the current Motion for Default Judgment [Doc. 9]. Waddell has not filed a response, and the time for doing so has passed. For the reasons set forth below, Plaintiff's Motion [Doc. 9] is **GRANTED**.

## APPLICABLE LAW

Although the Clerk of Court entered default against Waddell, the mere entry of default does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. Nishimatsu Construction v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit

1

facts that are not well-pleaded or to admit conclusions of law.").[1] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citing Nishimatsu, 515 F.2d at 1206).

Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court must determine the amount and character of damages to be awarded. See, e.g., Buchanan, 820 F.2d at 361. If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing Fed. R. Civ. P. 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. Id.

## ALLEGATIONS IN COMPLAINT

Plaintiff alleges that Waddell signed three promissory notes pursuant to 42 U.S.C. § § 294 et seq. and Federal Regulations set forth in 42 CFR Part 60, governing the administration of the Health Education Assistance Loan Program. On January 5, 1988, Waddell executed the first promissory note in the original principal amount of $6,410.00 ("Note No. 1"); on September 2, 1988, Waddell executed the second promissory note in the original principle amount of $6,345.00 ("Note No. 2"); and on April 11, 1989, Waddell executed the third promissory note in the original principle amount of $4,896.00 ("Note No. 3") (collectively, "the Notes"). Plaintiff states that it is the owner

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

and/or holder of the Notes and therefore is entitled to receive all monies and sums due under their terms.

Plaintiff further alleges that Waddell failed to make payments due and owing under the Notes and is therefore in default. Plaintiff has made demand on Waddell for payment of the Notes, but Waddell has failed and refused, and continues to fail and refuse, to pay the sums due and owing to Plaintiff.

Plaintiff seeks judgment against Waddell in the following amounts: As to Note No. 1, Plaintiff states Waddell owes Plaintiff unpaid principal in the amount of $10,451.79, together with interest calculated under the terms of Note No. 1 through November 1, 2010, in the amount of $3,742.32, with interest continuing to accrue after that date at the variable rate set forth in Note No. 1, which, when calculated, currently is at the rate of $0.93 per day. As to Note No. 2, according to Plaintiff Waddell owes Plaintiff unpaid principal in the amount of $9,900.67, together with interest calculated under the terms of Note. No. 2 through November 1, 2010, in the amount of $3,544.89, with interest continuing to accrue after that date at the variable rate set forth in Note No. 2, which, when calculated, currently is at the rate of $0.88 per day. Finally, As to Note No. 3, Plaintiff states that Waddell owes Plaintiff unpaid principal in the amount of 47,181.16, together with interest calculated under the terms of Note No. 3 through November 1, 2010, in the amount of $2,571.22, with interest continuing to accrue after that date at the variable rate set forth in Note No. 3, which, when calculated, currently is at the rate of $0.63 per day.

**ANALYSIS**

Liability

The Court finds that Waddell is liable for the payments due under the Notes. The Complaint alleges that Waddell executed the Notes, that Plaintiff is the present holder of the Notes, and that the Notes are in default. Indeed, Plaintiff attached copies of the Notes to the Complaint showing Waddell's signatures and the Loan Sale Agreements for each of the Notes establishing that Plaintiff is the current holder of the Notes. Accordingly, by failing to answer the Complaint, Waddell is deemed to have admitted his default. Thus, the facts are sufficient to establish that Waddell is liable for the payments due under the Notes.

Damages

The recovery Plaintiff seeks is a sum certain, representing the amount of unpaid principal and interest Plaintiff is entitled under the terms of the loan agreements. Thus, no hearing on the amount of damages is necessary.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Default Judgment [Doc. 9] and DIRECTS the Clerk of Court to enter default judgment in favor of Plaintiff and against Defendant James D. Waddell. Plaintiff is entitled to the following sums:

Under Note No. 1:

| | |
|---|---|
| Unpaid Principal: | $10,451.79 |
| Unpaid Interest as of 6/6/11: | $3,944.13 |
| Late Fees: | $3.74 |
| **TOTAL:** | **$14,399.66** |

**Plus** Pre-judgment interest at the rate of $0.93 per day from 6/7/11 until the date of judgment.

Post-judgment interest is awarded at the contractual rate set forth in Note No. 1.

Under Note No. 2:

| | |
|---|---|
| Unpaid Principal: | $9,900.67 |
| Unpaid Interest as of 6/6/11: | $3,736.02 |
| Late Fee: | $3.54 |
| **TOTAL:** | **$13,640.23** |

**Plus** Pre-judgment interest at the rate of $0.88 per day from 6/7/11 until the date of judgment.

Post-judgment interest is awarded at the contractual rate set forth in Note No. 2.

Under Note No. 3:

| | |
|---|---|
| Unpaid Principal: | $7,181.16 |
| Unpaid Interest as of 6/6/11: | $2,709.44 |
| Late Fee: | $2.57 |
| **TOTAL:** | **$9,893.17** |

**Plus** Pre-judgment interest at the rate of $0.63 per day from 6/7/11 until the date of judgment.

Post-judgment interest is awarded at the contractual rate set forth in Note No. 3.

**SO ORDERED** this 13th day of June, 2011.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

SSH